## ORR v BURKE

Ohio Appeals, 3rd Dist, Marion Co

No 882. Decided Feb 7, 1938

Frank B. McClelland, Z. P. Davis, Marion, for appellant.

William P. Moloney, Marion, for appellee.

## OPINION

By THE COURT:

This is an appeal on questions of law from a judgment of the Common Pleas Court of Marion county entered on a verdict of a jury in said court in an action for damages for personal injuries pending therein wherein the appellant Dale Orr was plaintiff and the appellee Kathryn Burke was defendant.

There are three assignments of error in this case, as follows:

1. The court erred in charging the jury that the interrogatories presented by the defendant and submitted to the jury at the request of the defendant, need not be answered in case it was found for the defendant but the interrogatories should be answered in case a general verdict was found for the plaintiff.

2. The court erred in its failure to charge the jury upon the doctrine of last clear chance and wantonness, those issues being made in the pleadings and by the evidence.

3. The court erred in the refusal to grant a new trial on the ground that the verdict was against the weight and sufficiency of the evidence.

These assignments of error will be considered in the order mentioned.

1. The record in this case shows that following the general charge the trial court at the request of the defendant submitted four interrogatories to the jury, and at the request of the defendant the court instructed the jury that the interrogatories should be answered if the jury found a general verdict for the plaintiff and that if the jury found for the defendant the interrogatories need not be answered. Following this the plaintiff made the following objection and exception:

"We object and save our exception to the interrogatory reading: 'Did Kathryn Burke, defendant herein, intentionally run her automobile against the ladder on which, Dale Orr was standing?' And.

"Plaintiff also excepts to the general charge of the court, and says, that the

court should have charged on the doctrine of discovered peril, charging the jury that in the event the defendant discovered or should have discovered the plaintiff in a position of peril before the accident, then the contributory negligence of the plaintiff, if any, would not prevent recovery."

If the interrogatories and the submission thereof and the instruction of the court regarding the answering of the same are considered as being separate and distinct from the general charge, the objection and exception to the same is in terms limited to the interrogatory quoted and does not refer to the instruction of the court regarding the answering of the same, and consequently error in the instruction regarding the answering of the interrogatories cannot be predicated on such objection and exception, and the submission of said interrogatory not being assigned as error is not a matter for consideration by this court.

On the other hand, if the interrogatories and the submission thereof and the instructions relating thereto are considered as a part of the general charge, the plaintiff by specifying his exceptions to the general charge limited such exceptions to his specifications which did not include a specification relating to the submission of the interrogatories or the instructions regarding the same, and failed to lay the foundation for any claim of error in the instructions regarding the same.

The first assignment of error is therefore without merit.

2. The second assignment of error is that the court erred in its failure to charge the jury upon the doctrine of last clear chance and wantonness.

It is the contention of the appellant under this assignment of error that as there is evidence tending to prove that the defendant on her way to her garage to get her automobile came out of the side door of her home close to the driveway where the collision between her automobile and the ladder upon which the plaintiff was standing afterward occurred and at a point almost directly opposite to the place where the ladder was standing at the time of the collision, and in conversation with Mrs. Ellsworth Vorhees after the collision, stated that she was backing the car and that she had cleared the ladder and caught him (plaintiff) with her front bumper and had passed the ladder and turned just a little as she would have to do in that drive, and caught him with her front bumper and

pulled the ladder down and that she had seen the ladder and was trying to back around it and caught the front bumper on ladder as she tried to back around it was the duty of the court to charge the jury upon the doctrine of last clear chance and wantonness.

Plaintiff's evidence shows that he placed his ladder with the foot in said driveway and the top against the side of the house located on premises adjacent to said driveway and the premises in which the defendant resided for his use in painting such house, and at the time of the collision between the ladder and the front bumper of defendant's automobile which she was backing out of said driveway he was standing on the ladder at a point about twenty-five feet above the driveway, and by the force of such collision was thrown to the ground sustaining the injuries of which he complains.

Except insofar as the evidence referred to may tend to prove the same, there is no evidence in the record tending to prove the defendant had knowledge or was conscious of plaintiff's presence on the ladder or of his perilous position.

Under the rule laid down by the Supreme Court in the case of Cleveland Railway Company v Masterson, 126 Oh St page 42, the doctrine of last clear chance is applicable only in cases where the evidence tends to prove that the defendant failed to use due care after actual knowledge of plaintiff's peril. And in the case of Universal Concrete Pipe Company v Bassett, 130 Oh St 567, it is held that: "Wanton misconduct is such misconduct as manifests a disposition to perversity, and it must be under such surrounding circumstances and existing conditions that the party doing the act or failing to act must be conscious, from his knowledge of such surrounding circumstances and existing conditions, that his conduct will in all common probability result in injury." The application of the doctrine of last clear chance is therefore predicated upon actual knowledge of plaintiff's peril, and the application of the doctrine of wanton misconduct is predicated upon defendant's consciousness, from his or her knowledge of such surrounding circumstances and existing conditions, that his or her conduct will in all common probability result in injury.

While the evidence above mentioned tended to prove negligence on the part of the defendant requiring the submission of that issue to the jury it did not tend to prove either actual knowledge of plaintiff's peril

under the rule announced in the Masterson case, supra, or wanton misconduct under the rule announced in the Bassett case, supra. The court therefore did not err in failing to charge on last clear chance and wanton misconduct.

3. The third assignment of error relates to the refusal to grant a new trial on the ground that the verdict was against the weight and sufficiency of the evidence.

An examination of the record discloses that there is competent, credible and substantial evidence tending to support the verdict and consequently the verdict and judgment are not contrary to law in the sense that they are not supported by any evidence.

The fact that the plaintiff, according to his own testimony, stood his ladder in the driveway was in itself sufficient to require the submission of the issue of his contributory negligence to the jury and the presumed finding of the jury against the plaintiff on this issue is sufficient to support the verdict. Furthermore, there is a real conflict in the evidence in the sense that reasonable men might honestly vary in their conclusions as to whether, on the whole record, the judgment rendered below is or is not supported by the evidence, and in this situation the judgment will not be disturbed by this court as a reviewing court on the ground that it is against the weight of the evidence. 2 **Ohio Jurisprudence, page 761, §667.**

Finding no error in the particulars assigned the judgment of the Common Pleas Court will be affirmed at the costs of appellant.

GUERNSEY, PJ, CROW and KLINGER, JJ, concur.